Ervin Costello v. The State.

No. 14054. Delivered March 4, 1931.

The opinion states the case.

*Perkins & Perkins,* of Rusk, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, Judge.—Conviction for transporting intoxicating liquor; punishment, one year in the penitentiary.

Appellant was suspected of being a peddler of whisky. The officers were watching him. He passed by on the street one day where certain officers were with other people, and one of the group said, "I bet he is going after whisky now." The officers followed appellant and saw him come out of the house of one Murphy. They stopped him, searched him and found on his person three pints of whisky. The officers afifrmed upon the trial that they had some other information regarding appellant, but they declined to divulge same.

We do not believe these officers justified in arresting this appellant without a warrant upon any hypothesis that he was committing a felony within their view, or that they had probable cause for believing that he was transporting intoxicating liquor, such as would justify their searching him without a warrant. The officers did not testify that they saw any outline of bottles under appellant's clothes or anything to suggest that he had on his person said intoxicating liquor, other than as above detailed. Appellant was walking along the streets with his hands in his pocket at the time he was detained. There is no proof that appellant had engaged to bring whisky to any person, or that he had sold any of same, or that he had promised to sell same, or that the officers knew any more about the purpose of his journey along the street than as above indicated.

We are constrained to believe the arrest of appellant unwarranted, and that no right of search existed as an incident to a lawful arrest; also

that the evidence as to what was found upon appellant's person as a result of the search by the officers, was subject to the objection made by appellant when this testimony was offered against him upon the trial.

There is no evidence in this record save that of the two officers in question.

For the errors indicated, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Hawkins, J., not sitting.